PER CURIAM.
 

 The State appeals an Order Granting Motion for Judgment of Acquittal After a Jury Verdict. The State argues that Ap-pellee’s alleged act of deleting computer files from her former employer’s computer system constituted the destruction of data pursuant to section 815.04(2), Florida Statutes, which provides that “[wjhoever willfully, knowingly, and without authorization destroys data ... residing or existing internal or external to a computer ... commits an offense against intellectual property.” The trial court rejected this argument, concluding instead that because the employer was able to retrieve the files from its hard drives, there was no evidence that Appellee destroyed data as required for a conviction of section 815.04(2). We agree with this conclusion. We also agree with the trial court that although there was testimony that the employer
 
 *395
 
 was able to retrieve everything except “the last four days,” the employer’s witness also testified that he did not know whether anything had been lost from those four days.
 

 Accordingly, because the State did not present competent evidence to establish that Appellee destroyed data, we AFFIRM.
 

 DAVIS, PADOVANO, and LEWIS, JJ., concur.